# STATE OF MICHIGAN

# COURT OF APPEALS

GLORIA JEANNE PICCARD,

                    Plaintiff-Appellee/Cross-Appellant,

v

JEVON RICHARD PICCARD,

                    Defendant-Appellant/Cross-
                    Appellee.

UNPUBLISHED
November 17, 2015

No. 316582
Kent Circuit Court
LC No. 11-011587-DM

Before: TALBOT, C.J., and BECKERING and GADOLA, JJ.

PER CURIAM.

Defendant appeals as of right the May 17, 2013 judgment of divorce, following the parties' 15-year marriage. Plaintiff cross-appeals. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## I. PROPERTY DIVISION

In a divorce action, we first review a trial court's findings of fact. *Sparks v Sparks*, 440 Mich 141, 151; 485 NW2d 893 (1992). Findings of fact, such as whether a particular asset is marital or separate property, are reviewed for clear error. *Id.* "A finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake has been made after reviewing all the evidence." *Johnson v Johnson*, 276 Mich App 1, 10-11; 739 NW2d 877 (2007). We give special deference to a trial court's findings if they are based on witness credibility. *Id.* at 11. If the trial court's factual findings are upheld, we then decide whether the court's dispositive ruling was fair and equitable in light of the facts. *Sparks*, 440 Mich at 151-152. The dispositive ruling, which is discretionary, should be affirmed unless we are firmly convinced that the division was inequitable. *Id.* at 152.

### A. THE HOME

Defendant contends that the trial court erred by excluding the home where the parties lived, which plaintiff inherited during the parties' marriage, from the marital estate. Alternatively, defendant argues that he was entitled to a portion of the increased value of the inherited home pursuant to MCL 552.401, and the trial court clearly erred by finding that the home's value did not increase during the parties' marriage. On this latter point, we agree.

-1-

When dividing property in a divorce proceeding, a trial court must first determine whether property is a marital asset or a party's separate asset. *Reeves v Reeves*, 226 Mich App 490, 493-494; 575 NW2d 1 (1997). In general, marital assets are subject to division among the parties, but a party's separate assets may not be invaded. *McNamara v Horner*, 249 Mich App 177, 183; 642 NW2d 385 (2002). Marital assets are those assets that are earned or acquired during the marriage, while separate assets are those assets that are obtained or earned before the marriage. *Cunningham v Cunningham*, 289 Mich App 195, 201; 795 NW2d 826 (2010). "Normally, property received by a married party as an inheritance, but kept separate from marital property, is deemed to be separate property not subject to distribution." *Dart v Dart*, 460 Mich 573, 584-585; 597 NW2d 82 (1999). However, "separate assets may lose their character as separate property and transform into marital property if they are commingled with marital assets and 'treated by the parties as marital property.' " *Cunningham*, 289 Mich App at 201, quoting *Pickering v Pickering*, 268 Mich App 1, 11; 706 NW2d 835 (2005). The conduct of the parties is the clearest indicia of whether they intended to treat the asset as marital or separate property. *Cunningham*, 289 Mich App at 209.

Initially, defendant waived the issue of whether the inherited home was marital property by failing to sufficiently argue this issue before the trial court. At trial, defendant did not argue that the inherited home was marital property, but rather sought to recoup half the value of his contributions toward improvements that were made to the home. The trial court recognized as much in its April 4, 2013 ruling from the bench, stating, "I don't think that there is an argument that the house was separate property." The trial court then concluded that the home was plaintiff's separate property. Given defendant's failure to argue that the inherited home was marital property before the trial court, we consider the issue waived on appeal. *Braverman v Granger*, 303 Mich App 587, 608; 844 NW2d 485 (2014).

Regarding defendant's entitlement to any increase in the home's value, MCL 552.401 provides that a spouse's separate assets can be invaded "if it appears from the evidence in the case that the party contributed to the acquisition, improvement, or accumulation of the property." Under this statutory exception, "[t]he sharing and maintenance of a marital home affords both spouses an interest in any increase in its value (whether by equity payments or appreciation) over the term of the marriage." *Reeves*, 226 Mich App at 495. "Such an amount is clearly part of the marital estate." *Id.* at 495-496.

The parties do not seriously dispute that defendant contributed to the maintenance and improvement of the inherited home throughout the marriage. However, the trial court determined that defendant was not entitled to any portion of the home's value because the value of the home did not increase during the marriage. Below, the parties produced property records indicating that the inherited home had an assessed value of $68,482 in 2002 and $72,200 in 2012. Generally, property is assessed at 50% of its true cash value. MCL 211.27a(1). Thus, the property records show that the value of the inherited home increased from $139,964 to $144,400 during the marriage. Defendant also testified that he believed the value of the home was $250,000 or $350,000, and that he spent approximately $80,000 on improvements to the home.

Although the trial court acknowledged defendant's testimony, it noted that he did not substantiate the testimony with any documentary evidence. Under these circumstances, the trial court did not clearly err by discounting defendant's testimony regarding the value of the

inherited home and his monetary contributions toward improvements on the property. However, the trial court did clearly err by finding that the home did not increase in value. Indeed, the only documentary evidence before the trial court indicated that the home increased by $4,436 in value during the marriage. Under *Reeves*, the trial court should have included this amount in the marital estate. Therefore, we reverse the trial court's finding regarding the increased value of the inherited home and remand the case for equitable distribution of the $4,436 increased value.

## B. FINANCIAL ACCOUNTS

Next, defendant argues that the trial court erred when it failed to include the value of plaintiff's bank accounts when it determined the value of the marital financial accounts. The trial court found that there was no commingling of funds in plaintiff's bank accounts, so the accounts were separate property. *Cunningham*, 289 Mich App at 201. Defendant's argument on appeal is premised on the belief that plaintiff's bank accounts were marital, rather than separate, property, but defendant fails to provide any case law to support an argument that the trial court clearly erred in finding that plaintiff's bank accounts were separate property. Accordingly, this issue is abandoned and we decline to address it. *Peterson Novelties, Inc v Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003) ("An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give issues cursory treatment with little or no citation of supporting authority.") (citations omitted).[1]

Defendant also argues that the trial court erred in awarding 60 percent of his account at Fifth Third Bank, his 401(k) plan, and his employee stock ownership plan, which the trial court determined to be marital property, to plaintiff. The goal of distributing marital assets is to reach an equitable division of property in light of all the facts. *Berger v Berger*, 277 Mich App 700, 716-717; 747 NW2d 336 (2008). A trial court need not divide the marital estate into equal portions, but any significant departure from congruence must be explained. *Id.* Fault is one factor that a trial court can consider in its search for an equitable division; it is not a punitive basis for an inequitable division. *McDougal v McDougal*, 451 Mich 80, 90; 545 NW2d 357 (1996). The following factors may also be relevant to determining an equitable distribution:

> (1) duration of the marriage, (2) contributions of the parties to the marital estate, (3) age of the parties, (4) health of the parties, (5) life status of the parties, (6) necessities and circumstances of the parties, (7) earning abilities of the parties, (8) past relations and conduct of the parties, and (9) general principles of equity. [*Sparks*, 440 Mich at 159-160.]

---

[1] Because plaintiff's bank accounts were separate property, the trial court did not err in failing to value the accounts. Although a trial court must place a value on a marital asset, *Byington v Byington*, 224 Mich App 103, 114 n 4; 568 NW2d 141 (1997), we are not aware of any case law requiring a trial court to place a value on a party's separate property. For this same reason, we also reject defendant's argument that the trial court erred because it failed to place a value on plaintiff's IRA account. Defendant makes no argument that the IRA account should have been included in the marital estate.

If any of the factors "are relevant to the value of the property or to the needs of the parties, the trial court shall make specific findings of fact regarding those factors." *Id.* at 159. The relevancy of the factors will vary with each case, and no single factor should be given undue weight. *Woodington v Shokoohi*, 288 Mich App 352, 363; 792 NW2d 63 (2010).

Defendant first argues that the trial court's distribution award was improperly based on his assault of plaintiff on December 30, 2011, which, he claims, was not indicative of his behavior throughout the marriage and was given disproportionate weight by the trial court. In its oral opinion, the trial court stated that it was awarding plaintiff 60 percent of the marital financial accounts because fault was an issue "based upon the violence here." However, in an order dated January 23, 2015, the trial court clarified that the additional monetary award to plaintiff was for defendant's fault in contributing to the breakdown of the marriage relationship generally, and not as compensation for the assault. Accordingly, we conclude that the trial court did not distribute the marital accounts solely on the basis of defendant's December 30, 2011 assault of plaintiff.

However, in distributing the marital accounts, the trial court only discussed fault without referencing any of the other factors. Numerous factors were relevant to the circumstances of this case, such as the length of the marriage, contributions of the parties to the marital estate, necessities and circumstances of the parties, and the parties' earning abilities. Nothing in the record suggests that the trial court's award was punitive, but, because the trial court only discussed defendant's fault in rendering its distribution decision, it appears that the trial court gave undue weight to this factor. See *McNamara*, 249 Mich App at 186-187; see also *Sparks*, 440 Mich at 158 ("[T]he trial court must consider all the relevant factors and not assign disproportionate weight to any one circumstance."). Therefore, we conclude that it is necessary to remand this case so the trial court can make further findings with regard to the relevant property distribution factors.

## II. CHILD SUPPORT

Defendant argues that the trial court erred when it refused to modify his child support obligation to $0 retroactive to his first motion to modify child support in March 2012. On cross-appeal, plaintiff argues that the trial court erred when it modified defendant's child support obligation to $0 from January 14, 2013 to June 15, 2013, and when it failed to impute an income of $55,317 to defendant after June 15, 2013. "Child support orders and the modifications of such orders are reviewed for an abuse of discretion." *Peterson v Peterson*, 272 Mich App 511, 515; 727 NW2d 393 (2006). A trial court's decision whether to impute income to a party is also reviewed for an abuse of discretion. *Loutts v Loutts*, 298 Mich App 21, 25-26; 826 NW2d 152 (2012). "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes." *Woodington*, 288 Mich App at 355.

A trial court must order child support in an amount determined by applying the Michigan Child Support Formula. MCL 552.605(2); *Borowsky v Borowsky*, 273 Mich App 666, 673; 733 NW2d 71 (2007); 2013 MCSF 1.01(B). The first step in determining a child support award is to ascertain each parent's net income by considering all sources of income. *Carlson v Carlson*, 293 Mich App 203, 205; 809 NW2d 612 (2011); 2013 MCSF 2.01. This calculation is not limited to a parent's actual income; it can include imputed income. *Carlson*, 293 Mich App at 205. "When a parent is voluntarily unemployed or underemployed, or has an unexercised ability to earn,

income includes the potential income that parent could earn, subject to that parent's actual ability." 2013 MCSF 2.01(G). A trial court must use relevant factors, which are set forth in the Michigan Child Support Formula, to determine whether the parent has an actual ability to earn and a reasonable likelihood of earning the potential income. 2013 MCSF 2.01(G)(2). "MCL 552.603(2) allows for the retroactive modification of child support from the date that notice was given to the recipient of the support payments of the petition to modify support." *Malone v Malone*, 279 Mich App 280, 289; 761 NW2d 102 (2008).

We first address plaintiff's argument that the trial court erred when it modified defendant's support obligation to $0 from January 14, 2013 to June 15, 2013. No evidence was presented to the trial court that defendant received any income for the 90 days he was incarcerated or the 75 days thereafter. One of the relevant factors that a trial court must consider in determining whether to impute income is the parent's availability to work, and the child support formula instructs trial courts to exclude periods when the parent cannot work or cannot seek work, including periods of incarceration. 2013 MCSF 2.01(G)(2)(d). Given this instruction, we conclude that the trial court did not abuse its discretion when it modified defendant's child support obligation to $0 from January 14, 2013 to June 15, 2013. *Peterson*, 272 Mich App at 515.[2]

Also, on cross-appeal, plaintiff argues that the trial court erred when it failed to impute a post-June 15, 2013 income of $55,317 to defendant. Plaintiff claims that, because defendant voluntarily lost his job and defendant could, based on his machinist training and work history, obtain employment with the same income that he previously earned, the trial court should have imputed defendant an income equal to his 2011 income. Below, the trial court recognized that defendant voluntarily lost his job, that he had unique skills, and that he was available to work. However, the trial court also recognized the current situation—that defendant was now a felon— and, based on that situation, concluded it was uncertain whether defendant could obtain a job that paid $55,000. It is well recognized that a felony conviction can act as a barrier to obtaining employment. And, plaintiff makes no argument that the trial court was wrong in its suggestion that defendant, as a felon, might have trouble getting a job. Based on the fact that defendant was a convicted felon, we conclude that the trial court's decision not to impute an income to defendant in the amount of his 2011 salary did not fall outside the range of reasonable and principled outcomes.

---

[2] Plaintiff does not rely on the Michigan Child Support Formula in arguing that the trial court abused its discretion in modifying defendant's child support obligation. Rather, she argues that it is contrary to public policy, reason, and common sense for a parent to be relieved of his child support obligation when he is incarcerated for a crime committed against a family member. We find no merit to this argument. In *Pierce v Pierce*, 162 Mich App 367, 370; 412 NW2d 291 (1987), this Court held that "where a noncustodial parent is imprisoned for a crime other than nonsupport that parent is not liable for child support while incarcerated unless it is affirmatively shown that he or she has income or assets to make such payments." The *Pierce* Court did not carve out any exception to this rule for parents who were incarcerated for a crime committed against a family member.

We also conclude that the trial court did not abuse its discretion when it refused to modify defendant's child support obligation retroactive to his first motion to modify child support. In his March 2, 2012 motion, defendant argued that his child support obligation should be reduced because he was no longer employed. There is no dispute that defendant was terminated from his job in February 2012, and thereafter, he received $365 per week in unemployment benefits. But, as previously stated, the calculation of a parent's income is not limited to actual income, but may also include imputed income. *Carlson*, 293 Mich App at 205; MCSF 2.01(G). Defendant's unemployment and loss of income in February 2012 was voluntary. The trial court found that defendant had deliberately gotten fired from his job so that he would not have to pay spousal support. Because defendant was voluntarily unemployed in March 2012 and he was available to work, the trial court's decision not to make the modification of his child support obligation retroactive to March 2012 did not fall outside the range of reasonable and principled outcomes.[3]

## III. ATTORNEY FEES

On cross-appeal, plaintiff argues that the trial court erred in awarding her only $2,000 in attorney fees.[4] According to plaintiff, defendant engaged in unreasonable conduct throughout the proceedings, and the trial court should have determined the full amount of attorney fees that she incurred as a result of defendant's conduct and ordered defendant to pay them. We review a trial court's grant or denial of attorney fees for an abuse of discretion. *Reed v Reed*, 265 Mich App 131, 164; 693 NW2d 825 (2005). Attorney fees are not recoverable as a matter of right in divorce actions. *Id.* However, a trial court may award attorney fees when the party requesting the fees was forced to incur them as a result of the other party's unreasonable conduct in the course of the litigation. *Id.* at 164-165. "[T]he attorney fees awarded must have been incurred because of misconduct." *Id.* at 165.[5]

During trial, plaintiff requested that, in addition to the initial $2,000 award, the trial court order defendant to reimburse her for all of the attorney fees she incurred. In her written closing argument, plaintiff stated that she had incurred a great deal of attorney fees because of defendant's behavior. However, plaintiff did not identify any specific unreasonable conduct by defendant or the amount of fees that she incurred as a result of any alleged unreasonable conduct.

---

[3] We decline to address defendant's argument that the trial court erred when it awarded a money judgment to plaintiff in the amount of defendant's spousal support arrearage. This issue is not properly before the Court because defendant did not include it in his statement of the questions presented. *Ammex, Inc v Dep't of Treasury*, 273 Mich App 623, 646; 732 NW2d 116 (2007). Additionally, this issue is abandoned because defendant has not supported his argument with citation to legal authority. *Peterson Novelties, Inc*, 259 Mich App at 14.

[4] The $2,000 attorney fee award was issued early in the divorce proceedings.

[5] Attorney fees in a divorce action are also permitted by statute, MCL 552.13, and court rule, MCR 3.206(C). *Reed*, 265 Mich App at 164. Plaintiff does not rely on the statute or court rule in arguing that the trial court should have awarded her attorney fees.

The trial court had no basis on which it could award more attorney fees to plaintiff. Therefore, we also affirm the trial court's decision to deny plaintiff's request for additional attorney fees.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Talbot
/s/ Jane M. Beckering
/s/ Michael F. Gadola