*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HEIDI ORGANEK,

      Plaintiff-Appellant,

v

DAVID ORGANEK,

      Defendant-Appellee.

UNPUBLISHED
July 25, 2019

No. 343441
Kent Circuit Court
LC No. 16-004081-DM

Before: SAWYER, P.J., and BORRELLO and SHAPIRO, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's divorce judgment determining child support for the parties' minor children and dividing the parties' property and debt. For the reasons set forth in this opinion, we affirm.

This case arose from the dissolution of plaintiff and defendant's marriage. In January 2018, the trial court granted the parties' divorce. Regarding plaintiff's testimony at the bench trial, the trial court found that plaintiff lacked credibility and lacked accountability for having an affair while she was married to defendant. The trial court found that defendant's 401(k) retirement account funds were minimal and that defendant used the money for living expenses. The trial court found that the parties contributed to the marital estate and that both parties were of similar age. The trial court also found that the parties had the same health, life status, and necessities and circumstances. However, the trial court found that defendant had a greater earning potential. The trial court also found that defendant's conduct of engaging in an assault was not appropriate.

The trial court ordered the parties to pay child support pursuant to the trial court's previous Uniform Child Support order. The trial court calculated child support on the basis of the parties' income during 2017. The trial court referred this case to the Kent County Friend of the Court to assess the imputation of income and child support on the basis of the parties' future income. The trial court adopted plaintiff's recommendation regarding retirement benefits, which provided that each party retained his or her retirement benefits free and clear of any claim of the other party. The trial court also determined that plaintiff was responsible for unpaid payroll

taxes because the debt was in her name. Finally, the trial court divided the parties' real property, personal property, vehicles, bank accounts, businesses, additional debts, insurance, and attorney fees. The trial court did not award spousal support.

Plaintiff first argues on appeal that the trial court erred by including money that plaintiff received from her parents as income when it calculated child support. We disagree.

This Court reviews a trial court's factual findings for clear error. *Stallworth v Stallworth*, 275 Mich App 282, 284; 738 NW2d 264 (2007). "A finding is clearly erroneous if this Court, on all the evidence, is left with a definite and firm conviction that a mistake was made." *Id*. The party appealing the support order bears the burden of showing that a mistake was made. *Id*. This Court reviews de novo whether a trial court has operated within the statutory framework for child support calculations and whether it has stated adequate reasons for a departure from the Friend of the Court child support formula. *Id*. Finally, this Court reviews for an abuse of discretion matters committed by the child support formula to the discretion of the trial court. *Carlson v Carlson*, 293 Mich App 203, 205; 809 NW2d 612 (2011). An abuse of discretion occurs when the trial court's decision is not within the range of principled outcomes. *Id*.

In determining the contributions to child support that divorced parents must make, the trial court presumptively must follow the Michigan Child Support Formula (MCSF) developed by the Friend of the Court. MCL 552.519(3)(a)(*vi*); MCL 552.605(2); *Stallworth*, 275 Mich App at 284. The assessment of support and the support formula are based on the child's needs and each parent's ability to pay. *Shinkle v Shinkle (On Rehearing)*, 255 Mich App 221, 225; 663 NW2d 481 (2003).

Pursuant to the MCSF, a trial court uses a parent's "net income" to calculate support. " 'Net income' means all income minus the deductions and adjustments permitted by this manual." 2017 MCSF 2.01(A). However, when assessing how much money a parent has available for support, the trial court is not limited to consideration of a parent's actual income. 2017 MCSF 2.01(B); *Reed v Reed*, 265 Mich App 131, 163; 693 NW2d 825 (2005). Property or principal from an inheritance or a one-time gift is generally not included as income. 2017 MCSF 2.05(A). However, a gift that a parent receives from relatives other than a spouse, friends, or others may be included as income if the gift "(1) [i]s significant and regularly reduces personal expenses, or (2) [r]eplaces or supplements employment income." 2017 MCSF 2.05(C).

In this case, plaintiff received approximately $57,000 or $67,000 from her parents. The trial court included the money from plaintiff's parents as income for its 2017 child support calculation. The testimony presented at the bench trial supported the trial court's determination that the money that plaintiff received from her parents was a gift, rather than a loan. Plaintiff's father testified that he gave plaintiff money to help her pay her mortgage. Plaintiff, plaintiff's father, and plaintiff's mother each testified that the money was a loan and that plaintiff would repay her parents when she was financially able. However, there was no written loan agreement, and plaintiff's promise to repay her parents was a verbal agreement. Additionally, plaintiff's certified public accountant testified that plaintiff included the money that she received from her parents as a gift, and therefore income, in order to claim a homestead property tax credit in 2016. The trial court found that the lack of loan documentation was relevant to its determination that the money was a gift.

The testimony supports the conclusion that the sum of money that plaintiff received from her parents replaced or supplemented plaintiff's employment income, which was not sufficient to meet her mortgage payments. See 2017 MCSF 2.05(C)(2). Additionally, the trial court found that plaintiff lacked credibility, and this Court defers to the trial court's credibility determinations. *Shann v Shann*, 293 Mich App 302, 305; 809 NW2d 435 (2011). Therefore, we conclude that trial court did not clearly err in finding that the money from plaintiff's parents was a gift. See generally *Stallworth*, 275 Mich App at 285-286. We also conclude that the trial court did not abuse its discretion by including the money that plaintiff received from her parents as available income for purposes of child support. See 2017 MCSF 2.05(C)(2); *Berger v Berger*, 277 Mich App 700, 723; 747 NW2d 336 (2008).

Plaintiff also contends that the trial court erroneously determined that plaintiff was not entitled to a portion of the proceeds of defendant's 401(k) retirement account and that plaintiff was solely responsible for the parties' unpaid payroll tax debt. We disagree.

This Court reviews for clear error a trial court's factual findings regarding the division of marital property. *Cunningham v Cunningham*, 289 Mich App 195, 200; 795 NW2d 826 (2010). A finding of fact is clearly erroneous if the reviewing court is left with the definite and firm conviction that a mistake was made. *Id*. This Court gives "special deference to a trial court's factual findings that were based on witness credibility." *Woodington v Shokoohi*, 288 Mich App 352, 355; 792 NW2d 63 (2010). This Court reviews for abuse of discretion the trial court's determination of the proper time for valuation of an asset. *Id*. "If the trial court's findings of fact are upheld, the appellate court must decide whether the dispositive ruling was fair and equitable in light of those facts." *Id*. The dispositional ruling is discretionary and should be affirmed unless this Court is left with the firm conviction that the division was inequitable. *Id*. at 355-356.

Absent a binding agreement, the goal in distributing marital assets in a divorce proceeding is to reach an equitable distribution of property and marital debt in light of all the circumstances. *Berger v Berger*, 277 Mich App at 716-717; see also *Butler v Simmons-Butler*, 308 Mich App 195, 208-210; 863 NW2d 677 (2014). The division need not be mathematically equal, but the trial court must explain any significant departure from congruence. *Berger*, 277 Mich App at 717. To reach an equitable division, the trial court should consider the duration of the marriage, the contribution of each party to the marital estate, each party's age, health, life situation, necessities and circumstances, earning ability, and past relations and conduct, and general principles of equity. *Id*. The trial court must consider all relevant factors and must not assign disproportionate weight to any one factor. *Sparks v Sparks*, 440 Mich 141, 158; 485 NW2d 893 (1992). The trial court may also require one party to pay a debt incurred during the marriage if the trial court determines that the debt was an individual obligation and not incurred jointly. *Lesko v Lesko*, 184 Mich App 395, 401; 457 NW2d 695 (1990), overruled on other grounds *Booth v Booth*, 194 Mich App 284, 291; 486 NW2d 116 (1992); *Andrusz v Andrusz*, 320 Mich App 445, 456-457; 904 NW2d 363 (2017).

A trial court must first determine whether the parties' property is marital or separate in order to divide the marital estate. "Generally, marital assets are subject to being divided between the parties, but separate assets may not be invaded." *Woodington*, 288 Mich App at 358. Marital assets are those acquired or earned during the marriage, including appreciation of a premarital

asset unless appreciation was wholly passive. *Cunningham*, 289 Mich App at 201; *McNamara v Horner*, 249 Mich App 177, 183-184; 642 NW2d 385 (2002). However, separate assets are those that the parties acquired or earned before the marriage. *Cunningham*, 289 Mich App at 201; see MCL 552.19. The conduct of the parties is "the clearest indicia" of whether they intended to treat the asset as marital or separate. *Cunningham*, 289 Mich App at 209.

In this case, defendant withdrew funds from his 401(k) retirement account before the parties' filed for divorce. The trial court found that defendant's 401(k) retirement account was minimal. The trial court ordered that each party retained his and her respective retirement benefits pursuant to the language offered by plaintiff in her proposed judgment of divorce. Additionally, the parties owed approximately $29,000 to the Internal Revenue Service (IRS) for unpaid payroll taxes from their bar and restaurant business. The trial court considered plaintiff's and defendant's testimony that plaintiff told the IRS that she was the party responsible for the debt, she worked in the restaurant on a daily basis, defendant was not involved in the business operations, and defendant was aware of the IRS debt. The trial court also found that plaintiff was the responsible party for the unpaid payroll tax debt.

Regarding the division of the parties' property and debts, the trial court found that the parties' ages were similar and that the parties' health, life statuses, and necessities and circumstances were the same. The trial court determined that defendant had a greater earning potential. Regarding the parties' past relations and conduct, the trial court found that plaintiff did not take accountability for having an affair. The trial court also found that defendant's assault of the person with whom plaintiff was having an affair was inappropriate.

The trial court equitably divided the parties' property and debt on the basis of the trial court's findings that the parties were similar or the same regarding nearly all of the property-division factors. Although the trial court did not specifically divide the money that defendant withdrew from his 401(k) retirement account, the trial court addressed retirement benefits in the divorce judgment and ordered that the parties each retained their respective benefits. Because the parties both contributed to the marriage and had similar ages, health, life statuses, and necessities and circumstances, the trial court equally divided the retirement benefits that each party held at the time of the trial court's judgment, which implicitly included defendant's withdrawal from his retirement account. Additionally, the trial court did not assign disproportionate weight to any property-division factor. The trial court properly considered both parties' past conduct, including plaintiff's affair and defendant's assaultive behavior. Therefore, we conclude that the trial court's division of the parties' retirement benefits was congruent, and therefore equitable, and the trial court did not clearly err. See *McNamara*, 249 Mich App at 184-185, 188.

Regarding the unpaid payroll taxes, the testimony presented at trial supported the trial court's finding that plaintiff was responsible for the debt. The trial court weighed plaintiff's and defendant's certified public accountant's testimony that plaintiff was responsible for the business operations, plaintiff managed the business's payroll, and the IRS indicated that plaintiff was responsible for the unpaid payroll taxes. The trial court also weighed plaintiff's and defendant's testimonies that plaintiff managed the daily business operations but that defendant was aware of the unpaid payroll taxes. Although defendant was an equal business owner and was aware of the unpaid payroll taxes, plaintiff managed the business operations. Further, the testimony

-4-

supported the conclusion that plaintiff incurred the debt. Plaintiff also refused defendant's offer to help with the business operations, took a capital draw from the business for herself, and wrote checks that resulted in overdraft charges. The trial court considered each of the property-division factors and did not assign disproportionate weight to any factor. Therefore, we conclude that the trial court's finding that plaintiff incurred the debt and was the sole party responsible for the unpaid payroll taxes was not clearly erroneous, and the division of this debt was not inequitable. See *Butler*, 308 Mich App at 209-210.

Affirmed.


/s/ David H. Sawyer
/s/ Stephen L. Borrello
/s/ Douglas B. Shapiro