FEAR v ROGERS

Docket No. 147247. Submitted February 1, 1994, at Grand Rapids. Decided December 5, 1994, at 9:05 A.M.

Mark C. Fear and Sherry K. Fear (now Rogers) were granted a judgment of divorce in the Kent Circuit Court. Physical custody of their minor child, Sarah, was granted to Sherry. The parties later agreed that Sarah would live with Mark, and a stipulation was entered granting the change of physical custody and modifying the support and visitation arrangements. Thereafter, Sherry moved for a change of custody and an agreement was reached that Sarah would live with her until the end of that school year, at which time the issue would be reviewed. A hearing to decide the future arrangements was not held, although there may have been some agreement reached at a settlement conference. Sherry then sought entry of an order to amend the judgment of divorce with respect to that alleged agreement. Mark disputed that an agreement had been reached regarding Sarah's transportation expenses or the allocation of the federal income tax dependency exemption for Sarah, which had been allocated to Mark in the original judgment of divorce. The court, George S. Buth, J., entered an order modifying the allocation of the federal income tax dependency exemption. Mark appealed, alleging that the court erred in entering an order based on an alleged agreement in a settlement conference when the agreement had not been placed on the record or reduced to writing.

The Court of Appeals *held:*

1. The alleged agreement was unenforceable because it was neither reduced to writing and signed by the parties or their attorneys nor made in open court and placed on the record. Because Mark disavowed the agreement, the trial court was required to proceed with an evidentiary hearing. This matter must be remanded to the trial court for such a hearing.

2. It is within the general authority of a trial court in a

REFERENCES

Am Jur 2d, Divorce and Separation, §§ 864, 865; Federal Taxation (1995 ed.) ¶¶ 1220, 1249, 1250; Stipulations §§ 2, 11.

Effectiveness of stipulation of parties or attorneys, notwithstanding its violating form requirements. 7 ALR3d 1394.

divorce action to award the federal income tax dependency exemption for a minor child to either party. The exemption need not necessarily be treated as a property award. Although the exemption allocation normally should be considered part of the child support award, the parties are not precluded from agreeing to treat the exemption as a property issue. On remand, the trial court must determine whether the exemption is to be treated as part of the property settlement or as part of the child support arrangements.

Reversed and remanded.

J.T. HAMMOND, J., concurring in the result and the dispositive reasoning of the majority, stated that allocation of the income tax dependency exemption should never be a property settlement matter.

1. ACTIONS — AGREEMENTS BETWEEN PARTIES — ENFORCEMENT.

An agreement between the parties to an action cannot be enforced unless it is reduced to writing and is signed by the parties or their attorneys or it is made in open court (MCR 2.507[H]).

2. DIVORCE — INCOME TAX — DEPENDENCY EXEMPTION.

It is within the general authority of a circuit court to award to either party in a divorce action the federal income tax dependency exemption for the parties' minor children; although allocation of the exemption normally should be considered part of the child support award, the parties may choose to treat the issue as a property issue rather than a child support issue.

*Joanne E. Killen* and *Kenneth A. Rathert,* for Mark C. Fear.

Sherry K. Rogers, in propria persona.

Before: HOLBROOK, JR., P.J., and SAWYER and J. T. HAMMOND,* JJ.

SAWYER, J. Plaintiff appeals from an order of the circuit court amending a judgment of divorce. We reverse.

The parties were divorced in 1986. Physical custody of their minor child, Sarah, was granted to

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant. In 1989, the parties agreed that Sarah would live with plaintiff and a stipulation was entered granting the change of physical custody and modifying the support and visitation arrangements. Thereafter, defendant moved for a change of custody and an agreement was reached that Sarah would live with defendant until the end of the school year, at which time the issue would be reviewed. Although a hearing was scheduled to decide the future arrangements concerning Sarah, a hearing was not held, though apparently there may have been some agreement reached at a settlement conference. In any event, defendant moved for entry of an order to amend the judgment of divorce with respect to that alleged agreement. However, plaintiff disputed whether some of the items were actually agreed to, specifically, plaintiff's counsel stated that there was no agreement with respect to transportation expenses and modifying the allocation of the income tax dependency exemption for Sarah, which had been allocated to plaintiff in the original divorce decree. The order entered by the circuit court did not deal with the transportation expense issue at all but did modify the allocation of the federal income tax dependency exemption, granting the exemption to defendant for tax year 1991, returning it to plaintiff for tax year 1992, and reserving for later determination by the court the allocation for future years.

Plaintiff's argument on appeal is that the trial court erred in entering an order based on an agreement in the settlement conference that had not been placed on the record or reduced to writing. We agree. An agreement cannot be enforced unless it is reduced to writing and is signed by the parties or their attorneys or it is made in open court. MCR 2.507(H). The trial court entered its

order on the basis of what it believed had been agreed to in chambers at the settlement conference. That agreement in chambers, however, never was reduced to writing or placed on the record in open court. Accordingly, it was unenforceable. Because plaintiff disavowed that agreement, the trial court had to proceed with an evidentiary hearing.[1]

There is an issue raised by plaintiff on appeal that we will address additionally inasmuch as it is certain to arise again on remand. Specifically, plaintiff argues that the trial court lacked the authority to award the federal income tax dependency exemption for Sarah to defendant in contravention of the original divorce judgment. First, we need to determine whether the federal income tax dependency exemption may be awarded by the court at all. For the reasons expressed by the concurring opinion in *Young v Young,* 182 Mich App 643, 646-667; 453 NW2d 282 (1990), we hold that it is within the general authority of the trial court to award the federal income tax dependency exemption for the minor children to either party.[2] However, plaintiff additionally argues that the trial court could not modify the award of the income tax dependency exemption to plaintiff because it was part of the property settlement and therefore not subject to modification. For the reasons discussed below, we are not persuaded that the income tax dependency exemption must necessarily be treated as a property award, nor that it necessarily was treated as such in the case at bar.

As discussed by the concurrence in *Young,* the income tax dependency exemption is closely associ-

[1] Unless, of course, the parties are able to further negotiate and reach an agreement without the necessity of an evidentiary hearing.

[2] For orders entered after 1984, this is achieved by requiring the custodial parent to execute the appropriate Internal Revenue Service form to allocate the exemption to the noncustodial parent. *Young, supra* at 661-662.

ated with issues involving child support and, as the concurrence discusses, the appropriate allocation of the income tax dependency exemption can increase the total disposable income available to the parties and, therefore, can be factored into an increased child support award. *Young, supra* at 662-664. Accordingly, we would conclude that the income tax dependency exemption allocation normally should be considered part of the child support award, not as part of the property settlement.

This, however, does not necessarily preclude the possibility that the parties might wish to choose to treat the exemption as a property right to be allocated in the property settlement. That is, we are not persuaded that the federal income tax dependency exemption is so intricately related to child support that it would be appropriate to preclude parties to a divorce action from ever choosing to treat the income tax dependency exemption as a property issue rather than a child support issue.

This then leads to the question whether the judgment of divorce in this case treated the income tax dependency exemption for Sarah as a child support issue or as a property issue. Plaintiff urges that it was treated as a property issue. However, we cannot divine that conclusion from the judgment of divorce. The allocation of the federal income tax dependency exemption was handled separately in the judgment of divorce from both the child support provisions and the property settlement provisions. Thus, we cannot say from the record before us whether the parties had chosen to treat it as a property issue or a child support issue. Accordingly, the trial court must determine on remand whether the income tax dependency exemption is to be treated as part of the property settlement, and thus subject to the

restrictions on modifications of property settlements, or as part of the child support arrangements, and therefore subject to the much more liberal modification rules that govern child support awards.

For the above reasons, we conclude that the trial court erred in entering its order modifying the judgment of divorce. The order did not reflect an enforceable agreement reached by the parties and, therefore, it was necessary for the trial court to hold the appropriate hearing before entering the order modifying the judgment of divorce. Additionally, the trial court must determine the nature of the allocation of the federal income tax dependency exemption in the judgment of divorce before determining whether it can modify the judgment to award that exemption to defendant.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff may tax costs.

HOLBROOK, JR., P.J., concurred.

J. T. HAMMOND, J. *(concurring in part and dissenting in part).* I concur in the result and in the dispositive reasoning.

I write separately only relative to the matter of the income tax dependency exemption for Sarah, the child of the parties.

The purpose of this exemption is to ease the tax burden borne by those who support dependents. The courts of the state have no power to compel the United States Internal Revenue Service to award or allocate this income tax dependency exemption or exemptions. I agree, however, that our courts, in divorce ℓctions, may, in accordance with settled principles of equity, enter orders and judgments that affect the income tax dependency exemption.

Our courts may do so, not by trying to order the IRS to do or not do anything, but, rather, by requiring the custodial parent (who automatically gets the exemption if nothing is done to change the effect of the federal law) to execute an IRS Form 8332 (Part 1).

The usual way this is done is to require the custodial parent to execute and deliver to the noncustodial parent the *annual* version of this Form 8332 (Part 1) each January *if* (but only if) the awarded support for the prior year is paid in full by December 31 of that prior year. This often provides enough incentive to result in significant "catch up" payments, in time for Christmas shopping.

The real danger here is if the custodial parent, by mistake, signs the *permanent* version of Form 8332 (Part 2) and it is filed with the IRS. In that event, there is no changing the exemption as long as both parents are alive.

Because the entire rationale for the income tax dependency exemption relates to and is based upon recognition of the burden of child support, I cannot agree that this exemption could ever be a property settlement matter under any circumstances. To the extent that the foregoing opinion implies otherwise, I must respectfully dissent.