*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ADAOBI ONYEJEKWULUM,

      Plaintiff-Appellant,

v

EMEKA ONYEJEKWULUM,

      Defendant-Appellee.

UNPUBLISHED
March 16, 2023

No. 361167
Oakland Circuit Court
LC No. 2019-877692-DM

Before: MURRAY, P.J., and RIORDAN and YATES, JJ.

PER CURIAM.

In this divorce case that involves a dispute about federal child tax credits and child support that arises under the Support and Parenting Time Enforcement Act, MCL 552.601 *et seq*., plaintiff appeals the trial court's order that amended a consent judgment of divorce between the parties and directed plaintiff and defendant to each claim the federal child tax credit for one of the parties' two children each year. We reverse and remand for further proceedings.

## I. FACTUAL BACKGROUND

The parties, who were married in 2014, have two minor children. The parties' divorce case began in 2019. After binding arbitration, the trial court entered a consent judgment of divorce and a uniform child-support order. The parties were awarded joint legal custody of the two children. Plaintiff was granted physical custody of the children four days a week, and defendant was granted physical custody of the children three days a week. Thus, the children were to have 156 overnights with defendant each year, and the other 209 overnights each year were to be spent with plaintiff. Defendant was ordered to pay plaintiff $119 in monthly child support, but the consent judgment of divorce made no reference to the federal child tax credits.

On December 30, 2021, acting *in propria persona*, defendant filed two motions in the trial court. First, defendant moved to modify the uniform child-support order based upon his decreased

-1-

income.[1]  Second, defendant moved for resolution of the parties' ability to claim the federal child tax credit for each child every year.  Defendant suggested that the parties each claim the child tax credit for one child each year because the consent judgment was silent in that regard.  In response, plaintiff argued that defendant's motion should be denied because defendant was merely paying a small amount of child support, intentionally reducing his income, and mishandling the money he did have.  Without holding a hearing, the trial court entered an order granting defendant's motion to amend the judgment of divorce.  The trial court ruled that, as long as both children were minors, plaintiff would claim one child as a dependent for the purposes of the child tax credit, defendant would claim the child tax credit for the other child, and, once the older child became an adult, the parties would claim the child tax credit for the younger child in alternating years.

Plaintiff moved for reconsideration of the trial court's order allocating the child tax credits, arguing that the trial court erred by not conducting a hearing on the motion, that defendant's motion should not have been considered because it was untimely, and that the trial court lacked authority to amend the judgment of divorce because it was a consent judgment.  In addition, plaintiff argued it was inequitable to permit defendant to claim one of the child tax credits.  The trial court denied plaintiff's motion for reconsideration because it simply advanced arguments that could have been made before the trial court ruled upon defendant's original motion.  The trial court did not consider the merits of plaintiff's legal arguments offered on reconsideration.  This appeal followed.

## II.  LEGAL ANALYSIS

Defendant has presented a threshold challenge to this Court's jurisdiction to hear plaintiff's appeal.  For her part, plaintiff argues that the trial court erred when it altered the consent judgment without a hearing.  Beyond that, plaintiff contends that the trial court erred by allocating the child tax credits to allow each party to claim one child.  We shall address these arguments in turn.

### A.  APPELLATE JURISDICTION

Defendant argues that we lack jurisdiction to hear plaintiff's appeal of right.  We previously denied defendant's motion to dismiss this appeal on that basis, *Onyejekwulum v Onyejekwulum*, unpublished order of the Court of Appeals, entered August 24, 2022 (Docket No. 361167), stating: "The January 25, 2022, order is a final order under MCR 7.202(6)(a)(*i*)."  Now, we reaffirm that we have jurisdiction to hear plaintiff's appeal.  We have jurisdiction over an appeal of right when the order appealed is a "final order" in the case.  MCR 7.203(A)(1).  A "final order" is "the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties[.]"  MCR 7.202(6)(a)(*i*).  As we stated in our order denying defendant's motion to dismiss this appeal, the order at issue "amended the original judgment of divorce to resolve the outstanding issue of how to divide the annual child tax credits."  Beyond that, "for sake of judicial economy," we may "exercise our discretion to treat [a] claim of appeal as a granted application for leave to appeal."  *Botsford Continuing Care Corp v Intelistaf Healthcare, Inc*, 292 Mich App 51, 61; 807 NW2d 354 (2011).  If necessary, we shall exercise our discretion in that manner here.

---

[1] That motion was referred to the Friend of the Court for consideration, and there is no indication in the lower-court record whether the motion was ever decided.

## B. LACK OF HEARING ON MOTION

Plaintiff insists that the trial court erred when it decided defendant's motion to modify the judgment of divorce to allocate the child tax credits without hearing oral arguments. We disagree. A trial court has discretion to limit or decline to hear oral arguments on a contested motion. MCR 2.119(E)(3). Specifically, the trial court may dispense with oral arguments when an issue has been briefed. *Fast Air, Inc v Knight*, 235 Mich App 541, 550; 599 NW2d 489 (1999). Plaintiff had the opportunity to offer her arguments in writing. In fact, plaintiff responded in writing to defendant's motion two days before the scheduled hearing on the motion. Plaintiff conceded in her motion for reconsideration that her initial response to the motion was perfunctory and that she failed to point to authority suggesting that a trial court must allow oral argument when the briefing is inadequate. The trial court did not abuse its discretion by declining to hold a hearing on defendant's motion to allocate the federal child tax credits.

## C. ALLOCATION OF THE FEDERAL CHILD TAX CREDITS

As is often the case when competing parties represent themselves in court, the record from the trial court on the issue of the federal child tax credits is not well-developed. Plaintiff did not raise the issue of the trial court's authority to amend the judgment of divorce until she moved for reconsideration. An issue raised for the first time in a motion for reconsideration is not preserved for appellate review. *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 521; 773 NW2d 758 (2009). In divorce cases, "[u]npreserved issues are reviewed 'for plain error.' " *Marik v Marik*, 325 Mich App 353, 359; 925 NW2d 885 (2018). " 'To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights.' " *Id*.

A divorce judgment entered with the consent of the parties "is a contract, which this Court will enforce absent a showing of factors such as fraud or duress." *Thornton v Thornton*, 277 Mich App 453, 456; 746 NW2d 627 (2007). A "consent judgment can only be modified with the consent of the parties, at least in the absence of fraud, mistake, illegality or unconscionability." *Andrusz v Andrusz*, 320 Mich App 445, 453; 904 NW2d 636 (2017). But the trial court may "fill voids in an incomplete consent judgment, and in so doing must balance the equities insofar as is possible under the circumstances." *Id*. Also, the "principle of finality . . . does not apply to settlements of alimony and child support arrangements." *Staple v Staple*, 241 Mich App 562, 572; 616 NW2d 219 (2000). Indeed, modification of a child-support award is expressly permitted by statute. MCL 552.17(1).

"[T]he income tax dependency exemption allocation normally should be considered part of the child support award, not as part of the property settlement." *Fear v Rogers*, 207 Mich App 642, 646; 526 NW2d 197 (1994). Therefore, ordinarily, "the trial court has the authority to modify an order regarding the federal dependency tax exemption because it is considered part of the child support award." *Clarke v Clarke*, 297 Mich App 172, 188; 823 NW2d 318 (2012). The consent judgment of divorce in this case did not even mention the federal child tax credits.[2] Thus, the trial

---

[2] Defendant has never asserted that an agreement on child tax credits was considered in the divorce proceedings or became a part of the judgment of divorce. Defendant argued in the trial court that

court had the authority to allocate the child tax credits both as a modification of the child-support award, see MCL 552.17(1), and as an effort to fill a void in the judgment of divorce because that agreement was incomplete. See *Andrusz*, 320 Mich App at 453. Consequently, the trial court did not commit error at all—much less plain error—in taking up the matter of the child tax credits.

Under Michigan law, a trial court has the authority to designate which party in divorce and child-custody proceedings shall claim the child tax credit for which child. *Fear*, 207 Mich App at 645. If the parties have not expressly agreed on the characterization of child tax credits, they must be considered part of the child-support award. *Id*. at 646. Accordingly, in this case, the child tax credits must be treated as a component of child support subject to the same legal rules that govern child support. Thus, in order to modify the child-support award in this case, the trial court had to first find a change of circumstances, see *Clarke*, 297 Mich App at 188, and then apply the formula for calculating child support before amending the judgment of divorce and its child-support award. *Id*. at 179. The trial court committed plain error in amending the judgment of divorce by allocating the child tax credits without first undertaking the process governing child-support modifications.

Defendant's arguments about the child tax credits could be considered as part of his motion to modify the child-support order, but the trial court could not summarily resolve defendant's child tax-credit motion separately from his motion to modify child support. Before allocating the child tax credits, a trial court must first find that there has been a change in circumstances. *Clarke*, 297 Mich App at 188. Next, the trial court must apply the Michigan Child Support Formula (MCSF), see *id*. at 178-179, and the court "may deviate from the formula only if the formula would be unjust or inappropriate based on the facts of the case." *Id*. at 179. Importantly, the MCSF presumes that the parent "with whom the child resides for the majority of a calendar year claims the dependent tax exemption for that child." 2021 MCSF 2.07(B)(3). Here, the divorce judgment prescribed that plaintiff would have 209 overnights each year with both children, while defendant would have 156 overnights with both children. Despite that prescription favoring plaintiff, the presumption in the MCSF set forth in 2021 MCSF 2.07(B)(3) seemingly did not enter into the trial court's analysis of the child tax credits, which was plain error that affected plaintiff's substantial rights.

To be sure, the trial court may elect to allocate both of the federal child care tax credits in the very same way after conducting the two-step process prescribed under Michigan law. But such a result requires a threshold determination of changed circumstances followed by an analysis under the MCSF and, if a deviation from the MCSF is appropriate, a finding that application of the MCSF "would be unjust or inappropriate based on the facts of the case." *Clarke*, 297 Mich App at 179. Accordingly, we reverse the trial court's order concerning the parties' rights to claim the federal

the parties agreed when separating in October 2019 that each one would claim one child tax credit. Defendant's claim that an agreement existed cannot support the trial court's award of one of the child tax credits to defendant. An agreement is part of a consent judgment if it was memorialized in a signed writing or placed on the record in open court. See *Fear*, 207 Mich App at 644-645. Defendant has not produced any signed writing or any agreement in open court, and plaintiff has disputed the existence of an agreement, so the trial court had no basis for finding that an agreement between the parties existed.

child tax credits and remand the case for further proceedings. If, upon remand, defendant's motion to modify the child-support award is still pending, the matter of allocating the child tax credits may be handled in conjunction with that motion.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Christopher P. Yates